1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11

12

13

14

15

16

| | |
|---|---|
| EDWARD RIVEIRA, JR., AMANDA RIVEIRA, and RICH'S, INC., a Washington corporation, | NO. 2:18-cv-1211 |
| | AMENDED COMPLAINT |
| Plaintiffs, | **JURY DEMAND** |
| vs. | |
| SCOTT DRESCH, in his individual capacity, and DOES 1-10, | |
| Defendants. | |

17

18

Plaintiffs Edward Riveira, Jr., Amanda Riveira, and Rich's, Inc., by and through their counsel, allege as follows:

19

## **INTRODUCTION**

20

21

22

1.     Early on the morning of August 19, 2015, Eddie Riveira was getting ready to shower when he heard an urgent pounding on his door.  Still in his underwear, he answered the door to find federal agents in flak jackets with assault-style rifles drawn.

23

24

2.     When he asked the agents what they were looking for, they refused to tell him, just as they refused to let him put on pants.

25

3.     At about the same time, Eddie's wife Amanda had just left the house and was

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200    FAX (206) 407-2224

driving through their neighborhood, when she was pulled over by a Snohomish County Sheriff and another unmarked car.

4.      For nearly half an hour, Ms. Riveira was detained by law enforcement agents on the side of the road while her neighbors drove by, wondering what was going on in their quiet neighborhood.

5.      When she was finally allowed to return home, it was like something out of a movie. Gun-wielding federal agents swarmed her house while she sat outside with her husband crying.

6.      By the end of the day, the Riveiras' home and business would be searched by dozens of federal agents.

7.      It was among the worst days of the Riveiras' lives.  Three years later, they still experience stress, emotional pain, and mental suffering, thinking about the horrific experience nearly every day.

8.      Everything that happened to the Riveiras that day—and the collateral consequences they suffer to this day—happened because IRS Special Agent Scott Dresch obtained a search warrant using an affidavit containing false and misleading statements.  In the sworn affidavit, Agent Dresch misrepresented the Riveiras' business records to make them appear to be tax cheats and misrepresented policies of the Department of Veterans Affairs to make it look like the Riveiras had submitted false claims for government reimbursement.  Agent Dresch made these false statements recklessly and in conscious disregard of their truth or falsity.

9.      Although the criminal investigation against the Riveiras was terminated as soon as Agent Dresch's misrepresentations were brought to light, the Riveiras have nonetheless continued to suffer severe emotional, financial, and reputational harm as a result of Agent Dresch's recklessly false statements.

10.     The Riveiras can never really be made whole, but in bringing this lawsuit, they seek to at least reclaim some fraction of what was taken from them due to Agent Dresch's recklessness.

PLAINTIFFS EDWARD AND AMANDA RIVEIRA AND
RICH'S, INC.'S AMENDED COMPLAINT - 2
Case No. 2:18-cv-1211

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

**PARTIES**

11.     Plaintiff Eddie Riveira is an individual residing in Snohomish, Washington.

12.     Plaintiff Amanda Riveira is an individual residing in Snohomish, Washington.

13.     Eddie and Amanda Riveira are married to one another.

14.     Plaintiff Rich's, Inc., is a Washington corporation doing business as Absolute Mobility Center ("AMC").

15.     Absolute Mobility Center provides new and used wheelchair-accessible vehicles to individuals throughout Western Washington, including veterans.  Absolute Mobility Center also sells wheelchairs, scooters, lifts, and other mobility-assistance devices.

16.     Defendant Scott Dresch was, and, on information and belief, continues to be, a Special Agent with the Internal Revenue Service's Criminal Investigation Division, based in Seattle, Washington.  Agent Dresch is named in his individual capacity.

**JURISDICTION AND VENUE**

17.     This action is brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 US 388 (1971), for a violation of Plaintiffs' rights under the Fourth Amendment to the United States Constitution.

18.     This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343(3) and (4).

19.     Venue in this District is proper under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiffs' claims occurred in this District.

20.     Venue in this District is also proper under 28 U.S.C. § 1391(a) because, on information and belief, Defendant resides in this District.

**FACTUAL ALLEGATIONS**

**A.     The Riveiras Build a Business Focused on Helping Disabled People Regain their Mobility.**

21.     Amanda and Eddie Riveira started AMC in 1989 as a mobility conversion business

PLAINTIFFS EDWARD AND AMANDA RIVEIRA AND
RICH'S, INC.'S AMENDED COMPLAINT - 3
Case No. 2:18-cv-1211

based out of their home.

22.     Eddie Riveira was 35 and Amanda Riveira was 22 at the time.  They did not have MBAs or a ready source of capital, but through hard work, dedication, and a commitment to helping their disabled customers, they quickly built AMC into a successful specialty car dealership selling vans to disabled customers.  By 1993, they had built AMC into one of the largest such dealerships in the country.

23.     The Riveiras have always been motivated by a desire to help disabled individuals lead more independent, accessible lives.

24.     In recognition of their dedication, they have received numerous awards and plaudits, including the Harry A. Schweikert, Jr., Disability Awareness Award from the Paralyzed Veterans of America and the President's Award from the ALS Association.

25.     The Riveiras had every expectation that AMC would continue to be a successful and rewarding business until one summer morning in 2015 when they were raided by federal officers.

**B.     Agent Dresch Swears an Affidavit Seeking a Search Warrant.**

26.     On August 17, 2015, Agent Dresch swore an affidavit requesting a search warrant related to his investigation of Plaintiffs.  The affidavit is attached hereto as Exhibit A.

27.     In his affidavit, Agent Dresch claimed to seek evidence of two types of alleged criminal activity, namely, Plaintiffs' alleged underreporting of gross and taxable income on their federal income tax returns and Plaintiffs' allegedly fraudulent requests for reimbursement from the United States Department of Veterans Affairs ("VA").

28.     Pursuant to Agent Dresch's affidavit, the Magistrate Judge issued a warrant permitting federal agents to search three properties owned by Plaintiffs and to seize records and electronic equipment.

29.     But any finding of probable cause that the crimes alleged in Agent Dresch's

PLAINTIFFS EDWARD AND AMANDA RIVEIRA AND
RICH'S, INC.'S AMENDED COMPLAINT - 4
Case No. 2:18-cv-1211

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

affidavit had been committed, or that evidence of such crimes could be uncovered through a search warrant, rested on material misrepresentations and/or omissions, which were made recklessly and in conscious disregard for their truth or falsity.

### C. Agent Dresch's Affidavit Recklessly and Falsely Represented that Plaintiffs Willfully Underreported Income on Their Tax Returns.

30.    Agent Dresch's allegations that Plaintiffs cheated on their taxes is based on his purported analysis of AMC's business checking account and on an analysis credit accounts Plaintiffs held with their suppliers. Ex. A at ¶¶ 35–36.

31.    According to Agent Dresch's sworn affidavit, records of AMC's accounts showed total deposits or revenue between 2008 and 2011 in amounts significantly higher than Plaintiffs reported on their tax returns. *Id.* From this, Agent Dresch asserts that probable cause existed that Plaintiffs significantly and willfully underreported their taxable income and underpaid their taxes for the tax years 2008 through 2011.

32.    But in presenting his sworn affidavit to the Magistrate Judge, Agent Dresch deceptively withheld information showing that his allegations of tax fraud were baseless.

33.    Specifically, Agent Dresch recklessly and in conscious disregard of the truth failed to disclose to the Magistrate Judge that the account records upon which he based his representation showed significant expenses (comprised of debits from and charges to the accounts) which in certain years *exceeded* the amount of the supposedly unreported deposits, thus making Agent Dresch's representation to the Magistrate Judge that the Plaintiffs underreported their taxable income false.

34.    This information, omitted by Agent Dresch, shows that Plaintiffs in fact *overreported* their taxable income during the relevant time period. For example, a simple analysis of the AMC account records, which properly accounts for both revenue *and* expenses shows that, in 2011 alone, Plaintiffs overreported their taxable income by over $140,000.

PLAINTIFFS EDWARD AND AMANDA RIVIERA AND
RICH'S, INC.'S AMENDED COMPLAINT - 5
Case No. 2:18-cv-1211

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

35.     Agent Dresch's decision to omit this critical information was done recklessly and in bad faith.  Had Agent Dresch disclosed the material information about credits and debits in AMC's accounts, he would have had to disclose that the Riveiras overreported, rather than underreported, their taxable income.

**D.     Agent Dresch's Affidavit Falsely Claims that Plaintiffs Violated Department of Veterans Affairs Policy Relating to Reimbursement.**

36.     Agent Dresch's affidavit also sought authority to search Plaintiffs' premises and seize their property based on allegations that Plaintiffs' overcharged the VA.

37.     When qualified veterans purchased vans from AMC, the VA would reimburse AMC certain costs associated with the transaction.  This includes the cost of shipping the vehicles from Indiana, where they are manufactured, to the dealer's location.

38.     Pursuant to guidance they had received many years ago from VA employees, Plaintiffs would enter their reimbursable costs onto a blank bill of lading and submit it to the VA for reimbursement.

39.     As Agent Dresch's affidavit shows, AMC was very open about this practice and never sought to conceal it.  Ex. A at ¶¶ 44–46.

40.     Moreover, AMC's practice to change bills of lading to incorporate their costs before submitting them to the VA for reimbursement was a practice engaged in by other comparable vendors.

41.     During the relevant time period, Plaintiffs generally sought reimbursement of approximately $2000 for each van AMC provided a qualified veteran.  This amount covered AMC's actual shipping costs as well as additional costs.

42.     According to Agent Dresch's affidavit, the VA's policy is to only reimburse the actual cost of shipping.  Ex. A at ¶ 41.

43.     Agent Dresch therefore asserts that Plaintiffs defrauded the VA by seeking

PLAINTIFFS EDWARD AND AMANDA RIVEIRA AND
RICH'S, INC.'S AMENDED COMPLAINT - 6
Case No. 2:18-cv-1211

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

reimbursement of an amount greater than AMC's actual shipping costs.  Ex. A at ¶ 59.  Agent Dresch alleges that this so-called fraud violated 18 U.S.C. §§ 287 (making a false claim); 641 (theft of government funds); and 1001 (making a false statement).

44.     Agent Dresch misrepresented the truth when he swore in his affidavit that VA policy forbade the reimbursement of amounts over AMC's actual shipping costs.

45.     Neither the relevant statutes (38 U.S.C. § 3901, *et seq.*), nor the relevant regulations (38 CFR § 17.158(b)), nor the relevant VHA Directive (VHA Directive 2011-46), nor the relevant section of the VHA Handbook (VHA Handbook 1173.4), nor the instructions for the relevant reimbursement form (VA Form 21-4502) prohibited AMC from seeking reimbursement of costs in addition to its actual shipping costs.

46.     Instead, VA policy permits vendors such as AMC to seek reimbursement of "the usual and customary cost for the items or services furnished."  VHA Handbook 1173.4.

47.     The amount AMC sought for reimbursement was its usual and customary cost for the vans it provided.  In fact, AMC charged veterans and non-veterans the same amount for vans.

48.     The VA's actual reimbursement policy was publicly available.

49.     Agent Dresch's reckless failure to ascertain the VA's actual policy, before making a sworn declaration accusing Plaintiffs of a crime and seeking a search warrant, was reckless and in conscious disregard of the truth.

### E.     Agent Dresch Withholds Information Undermining His Informant's Credibility.

50.     Agent Dresch's affidavit is based on information obtained from a former AMC employee named Angie Vazquez, identified in the affidavit as CS1.

51.     In an effort to bolster Ms. Vazquez' credibility to the Magistrate Judge, Agent Dresch repeatedly shades or outright omits key facts which cast serious doubt on Ms. Vazquez' allegations.

PLAINTIFFS EDWARD AND AMANDA RIVEIRA AND
RICH'S, INC.'S AMENDED COMPLAINT - 7
Case No. 2:18-cv-1211

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

52.     For example, Agent Dresch notes that Ms. Vazquez had a 2005 conviction for stealing from her former employer "on one occasion." Ex. A at ¶ 19. In fact, Ms. Vazquez plead guilty to stealing on three separate occasions. King County Superior Court No. 05-1-11864-1, Sub No. 34. Additionally, Agent Dresch chose not to mention that another former employer sued Ms. Vazquez civilly in 2003 for embezzlement and obtained a judgment against her. King County Superior Court Case No. 03-2-14173-9.

53.     Similarly, Agent Dresch sought to minimize Ms. Vazquez' credibility issues by falsely stating that Ms. Vazquez "agreed to make restitution in an amount greater than the actual loss charged." Ex. A at ¶ 19. But on the contrary, Ms. Vazquez was charged with stealing $11,850.66 from her employer, and agreed to restitution of a lesser amount, $10,298.00. King County Superior Court No. 05-1-11864-1, Sub No. 48.[1]

54.     Furthermore, Agent Dresch was aware from his interviews with Ms. Vazquez that she failed to inform AMC that she was convicted of stealing from her former employer, in violation of the terms of her criminal sentence. Agent Dresch omitted this fact from his affidavit.

55.     Thus, what Agent Dresch sought to characterize as a one-off instance of minor misconduct by Ms. Vazquez was in fact a well-established pattern of deceiving and harming her employers.

56.     Agent Dresch also notes a potential conflict of interest with respect to Ms. Vazquez' reporting, writing that, shortly after leaving AMC, Ms. Vazquez "established [her] own business . . . selling mobility equipment such as wheelchairs and scooters to disabled individuals." Ex. A at ¶ 19. But Agent Dresch downplayed this potential conflict, asserting that, "[a]lthough [Ms. Vazquez] sells similar products as AMC, [she] said [she] does not consider [herself] to be a direct competitor of AMC as [she] does not sell modified vehicles." *Id.*

---

[1] Although she was charged with stealing over $11,000 from her employer, Ms. Vazquez pled guilty to stealing a smaller amount, $2,639.00, but agreed, as part of her plea, to repay her employer for "other money missing during [her] employment," without admitting her guilt. King County Superior Court No. 05-1-11864-1, Sub No. 34.

PLAINTIFFS EDWARD AND AMANDA RIVEIRA AND
RICH'S, INC.'S AMENDED COMPLAINT - 8
Case No. 2:18-cv-1211

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

57.     In fact, Ms. Vazquez left AMC to start her own mobility company, Abilities Unlimited, and, on information and belief, immediately sought to poach AMC's customers.

58.     Even more damning, on information and belief, Ms. Vazquez informed her business partner at AU that she intended to fund her business using the monetary award she anticipated she would receive for reporting AMC to law enforcement.

59.     Whether he failed to investigate or actively sought to conceal this information, Agent Dresch intentionally and/or recklessly failed to provide the magistrate with critical information going toward Ms. Vazquez' credibility and a patent conflict of interest that motivated her conduct toward AMC.

### F.     Federal Agents Raid Plaintiffs' Property Based on Agent Dresch's False Affidavit.

60.     Based on Agent Dresch's false affidavit, Chief Magistrate Judge James P. Donohue signed a warrant authorizing extensive searches and seizure of Plaintiffs' premises and property.

61.     The warrant authorized federal agents to search AMC's commercial properties in Woodinville and Tacoma, Washington, and the Riveiras' home in Snohomish, Washington, (collectively, the Premises) and to seize essentially any and all business or financial records, as well as any and all electronic devices on which such records could be kept.

62.     Federal agents executed the search warrant early on the morning on August 19, 2015.

63.     On information and belief, approximately fifteen armed agents showed up at each of the three Premises.

64.     Agents arrived at the Riveiras' house shortly after Ms. Riveira left for work.

65.     As Mr. Riveira tells it, when he opened the door all he saw were assault-style rifles and men in protective goggles.

66.     Eddie Riveira was still in his underwear when the agents arrived.  He requested permission to put on pants, but agents initially refused, forcing him to stand outside nearly naked

PLAINTIFFS EDWARD AND AMANDA RIVEIRA AND
RICH'S, INC.'S AMENDED COMPLAINT - 9
Case No. 2:18-cv-1211

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

for approximately ten minutes.

67.     Upon their arrival, Eddie Riveira asked the agents what they were searching for, but they refused to answer.

68.     At about the time the raid began, Amanda Riveira was driving through her neighborhood to AMC's office when she was pulled over by two cars, one apparently belonging to the Snohomish County Sheriff's Department and the other unmarked.

69.     Law enforcement agents detained Ms. Riveira for approximately 25 minutes on the side of the road, as several neighbors passed by.  Ms. Riveira was humiliated by the experience.

70.     After approximately 25 minutes being detained by the agents, Ms. Riveira was escorted home to find even more federal agents swarming her house.

71.     Agents searched each of the three Premises.  As they searched the Riveiras' home, the Riveiras were forced to sit outside under armed guard, as Ms. Riveira cried.

72.     The agents would not even let Ms. Riveira use the bathroom in peace.  Instead, she was escorted to her own bathroom under armed guard and forced to leave the door open while she used the bathroom.

73.     Approximately one hour after the raid had begun, the Riveiras' children arrived at the house.  They were met by federal agents armed with guns.

74.     The agents pried up floor tiles, looking for hidden safes that did not exist.

75.     Even three years later, the Riveiras' house has not been fully put back together.

76.     Meanwhile, AMC's customers and employees were likewise met by heavily armed federal agents.  Approximately fifteen AMC customers were turned away by agents during the raid.  At least one AMC employee quit as a result of the raid.

77.     Agents seized over 90 boxes of records and several computers from Plaintiffs' Premises.

PLAINTIFFS EDWARD AND AMANDA RIVEIRA AND
RICH'S, INC.'S AMENDED COMPLAINT - 10
Case No. 2:18-cv-1211

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

### G.    Plaintiffs' Counsel Meets with the United States Attorneys' Office to Explain Agent Dresch's False Statements; the Government Ceases its Investigation.

78.    In March 2018, counsel for AMC and Ms. Riveira met with government prosecutors at the United States Attorney's Office in Seattle to discuss Agent Dresch's allegations against Plaintiffs.

79.    At that meeting, counsel presented the information that Agent Dresch had intentionally and recklessly omitted from his affidavit.

80.    Prior to that meeting, the government was seeking an agreement from Amanda Riveira to plead guilty to one count of filing a false tax return.  But following that meeting, after learning the information Agent Dresch had omitted from his affidavit, the United States Attorney's Office decided against pressing charges against either of the Riveiras.

### H.    Although the Government Ended its Investigation, Plaintiffs Have Suffered Significant Damages.

81.    Plaintiffs Eddie and Amanda Riveira have suffered damages flowing directly from Agent Dresch's false affidavit, include monetary damages in the form of lost income and attorneys' and other fees, extreme emotional distress, and reputational harm.

82.    AMC has suffered millions of dollars of business losses as a result of Agent Dresch's false affidavit.

83.    AMC's relationship with its supplier, BraunAbility, has been harmed by the actions described herein.

84.    Additionally, during the search of AMC's properties, several customers were turned away from AMC by armed federal agents.

85.    Further, AMC's relationship with the VA has been significantly harmed by Agent Dresch's unfounded allegations of wrongdoing.

86.    AMC began serving as a vendor for the VA in or about 1990.  On information and

PLAINTIFFS EDWARD AND AMANDA RIVEIRA AND
RICH'S, INC.'S AMENDED COMPLAINT - 11
Case No. 2:18-cv-1211

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

belief, prior to Agent Dresch's false affidavit, AMC was regarded by the VA as an extremely reliable and respected vendor.

87.   Prior to Agent Dresch's false affidavit, the VA was an extremely important business partner of AMC's, responsible for hundreds of thousands of income annually.

## FIRST CAUSE OF ACTION

### Fourth Amendment Violation-Unreasonable Search and Seizure

88.   Plaintiffs re-allege Paragraphs 1 through 87 as if each were individually set forth herein.

89.   Defendant Dresch caused a search of Plaintiffs' home and business, files, records, and electronic devices without probable cause, thereby violating Plaintiffs' clearly established constitutional rights under the Fourth Amendment of the Constitution to be free from unreasonable searches and seizures by government officials acting under color of law.

90.   Although the search of Plaintiffs' Premises and property was conducted pursuant to a warrant, the warrant was issued based on material misrepresentations and omissions, as described above.  Defendant Dresch knowingly, deliberately, or with reckless disregard for the truth, made the misrepresentations and omissions in the warrant affidavit.

91.   Defendant Dresch's material misrepresentations and omissions were necessary to the Court's finding of probable cause.  Without these misrepresentations and omissions, there was no probable cause for a search, and no warrant would have been issued.

92.   Defendant Dresch knowingly, deliberately, or with reckless disregard for the truth made the misrepresentations and omissions in the warrant affidavit because he knew that otherwise he had no basis to seek a warrant to search Plaintiffs' Premises and seize their property.

93.   By securing a warrant based on material misrepresentations and omissions and causing a search and seizure without probable cause, Defendant Dresch directly and proximately

PLAINTIFFS EDWARD AND AMANDA RIVEIRA AND
RICH'S, INC.'S AMENDED COMPLAINT - 12
Case No. 2:18-cv-1211

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

caused Plaintiffs' damages, including financial damages, emotional distress, and reputational harm.

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiffs pray for relief as follows:

A.      For a trial by jury;

B.      For an award of compensatory damages in an amount to be determined at trial;

C.      For an award of punitive damages in an amount to be determined at trial;

D.      For pre-judgment and post-judgment interest and recovery of costs and fees; and

E.      For any other relief to which they may be entitled.


Defendant DATED this 15th day of October, 2018.

                                       CALFO EAKES & OSTROVSKY PLLC


                                       By:   *s/ Angelo J. Calfo*
                                           Angelo J. Calfo, WSBA #27079
                                           Nathan Bays, WSBA #43025
                                           Andrew Hughes, WSBA #49515
                                           1301 Second Avenue, Suite 2800
                                           Seattle, WA  98101
                                           Phone:  (206) 407-2200
                                           Fax:  (206) 407-2224
                                           Email:  angeloc@calfoeakes.com
                                                   nathanb@calfoeakes.com

                                           *Attorneys for Plaintiffs Edward Riveira, Jr.,*
                                           *Amanda Riveira, and Rich's, Inc.*

PLAINTIFFS EDWARD AND AMANDA RIVEIRA AND
RICH'S, INC.'S AMENDED COMPLAINT - 13
Case No. 2:18-cv-1211