THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EDWARD RIVEIRA, JR., *et al*.,

                Plaintiffs,

    v.

SCOTT DRESCH, in his individual capacity, and DOES 1-10,

                Defendants.

CASE NO. C18-1211-JCC

ORDER

This matter comes before the Court on Plaintiffs' *ex parte* motion for an extension of time to serve the United States pursuant to Federal Rule of Civil Procedure 4(i)(4)(B) (Dkt. No. 18). Having thoroughly considered the motion and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

## I.    BACKGROUND

Plaintiffs filed their complaint on August 16, 2018, and filed an amended complaint on October 15, 2018. (Dkt. Nos. 1, 10.) On October 31, 2018, Plaintiff served Defendant Dresch, an Internal Revenue Service officer sued in his individual capacity for acts that occurred in connection with his employment as a federal employee. (Dkt. Nos. 18, 19-2.) On December 14, 2018, Plaintiffs discovered they had not properly served the United States. (Dkt. No. 18.) On December 17, Plaintiffs served the United States Attorney for the Western District of

ORDER
C18-1211-JCC
PAGE - 1

Washington via hand delivery and via certified U.S. Mail addressed to the civil-process law clerk, and served the United States Attorney General via certified U.S. Mail. (Dkt. Nos. 18, 19-4.) Plaintiff moves for an extension of time to comply with Federal Rule of Civil Procedure 4(i)(3) pursuant to Federal Rule of Civil Procedure 4(i)(4)(B). (Dkt. No. 18.)

## II. DISCUSSION

"To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf[,] . . . a party must serve the United States and also serve the officer or employee . . . ." Fed. R. Civ. P. 4(i)(3). To serve the United States, a party must "deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought . . . or . . . send a copy of each by registered mail to the civil-process clerk at the United States attorney's office[,]" and "send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C. . . . ." Fed. R. Civ. P. 4(i)(1)(A)–(B).

Generally, a defendant must be "served within 90 days after the complaint is filed . . . ." Fed. R. Civ. P. 4(m). But "[t]he court must allow a party reasonable time to cure its failure to . . . serve the United States under Rule 4(i)(3), if the party has served the United States officer or employee." Fed. R. Civ. P. 4(i)(4)(B). The Ninth Circuit construes Federal Rule of Civil Procedure 4 liberally and flexibly. *Borzeka v. Heckler*, 739 F.2d 444, 447 (9th Cir. 1984). "A reasonable time to effect service on the United States must be allowed after the failure is pointed out." Fed. R. Civ. P. 4 advisory committee's note to 2000 amendment.

In this case, Plaintiffs properly served Defendant Dresch within 90 days from the filing of the complaint. (Dkt. Nos. 1, 19-2.) Plaintiffs failed to serve the United States in accordance with Federal Rule of Civil Procedure 4(i)(1)(A)–(B), and discovered their error on December 14, 2018. (Dkt. No. 18.) As Plaintiffs properly served Defendant Dresch, the United States employee sued in his individual capacity in this case, the Court must allow Plaintiffs reasonable time to cure their failure to serve the United States. Fed. R. Civ. P. 4(i)(4)(B).

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for an extension of time to comply with Federal Rule of Civil Procedure 4(i)(3) (Dkt. No. 18) is GRANTED. The deadline for Plaintiffs to serve the United States in accordance with Federal Rule of Civil Procedure 4(i)(3) is EXTENDED to January 4, 2019.

DATED this 20th day of December 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE